IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN DWAYNE OLIVE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. S. ERICSON, Correctional Peace Officer,<br><br>　　　　　Defendant.<br>_____ | No. C 09-2831 JSW (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED**<br><br>(Docket Nos. 2, 4) |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at San Quentin State Prison, in San Quentin, California, has filed this pro se civil rights complaint under 42 U.S.C § 1983 alleging that Defendant Officer Ericson verbally and physically harassed him while threatening him after he revealed that he was gay and had a domestic partner, who he had referred to as his "husband." Plaintiff has also filed two applications to proceed *in forma pauperis* which are GRANTED in a separate order filed simultaneously. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and serves certain claims as set forth below.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Having reviewed the complaint, the Court finds Plaintiff's allegations, when liberally construed, state a cognizable claim that Defendant Officer Ericson violated his constitutional rights by verbally and physically harassing him while threatening to harm him. *See Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (malicious cell searches and calculated harassment unrelated to prison needs may implicate 8th Amendment's protection against cruel and unusual punishment); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (harassment with regards to medical problems cognizable if it constitutes deliberate indifference); *see also Burton v. Livingston*, 791 F.2d 97, 101 n.1 (8th Cir. 1986) ,(racially derogatory language coupled with conduct infringing prisoner's right to security of his person may present cognizable claim).

Plaintiff also names as a Defendant Robert K. Wong, Acting Warden of the prison, without alleging that Wong was involved in the incidents at issue in the complaint. However, Wong is DISMISSED, as Plaintiff has failed to allege that he is personally responsible for the alleged violations in any other capacity than his status as a supervisor. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991).

2

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claim against Defendant Wong is DISMISSED. The Clerk shall TERMINATE this Defendant from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Complaint and all attachments thereto, and a copy of this order upon: **San Quentin Correctional Officer C. S. Ericson** at **San Quentin State Prison.** The Clerk shall also <u>mail a courtesy copy of the Complaint, all attachments thereto, and this order to the San Francisco City Attorney's Office</u> and serve a copy of this order on Plaintiff.

3. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he/she is of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   a. If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant **shall** do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she/he shall so inform the Court prior to the date the summary judgment motion is due**.

3

All papers filed with the Court shall be promptly served on the Plaintiff.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

a. In the event the Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003):

> If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.
> You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.
> If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

b. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to pro se Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

4

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

     5. Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

     6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     7. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendant's counsel.

     8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED: October 30, 2009

                              JEFFREY S. WHITE
                              United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

DAMIEN D. OLIVE,

        Plaintiff,

  v.

C.S. ERICSON et al,

        Defendant.
                                         /

Case Number: CV09-02831 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Damien Dwayne Olive
T47433
San Quentin State Prison
San Quentin, CA 94974

Dated: October 30, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk